IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TANYA SAUERMILCH PEREZ,<br><br>Plaintiff,<br><br>vs.<br><br>HILTON DOUBLE TREE,<br><br>Defendant. | 4:22CV3050<br><br>**MEMORANDUM<br>AND ORDER** |

Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. The court now conducts an initial review of Plaintiff's pro se Complaint (Filing 1).

I. APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint

must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.*, at 849 (internal quotation marks and citations omitted).

## II. SUMMARY OF COMPLAINT

This action apparently is a refiling of Case No. 8:20CV477, which Plaintiff voluntarily dismissed in November 2020, prior to the court conducting an initial review of her pleadings. Defendant is the Hilton Double Tree hotel in Omaha. Plaintiff alleges "they came in my room while I went out on the town and stole my federal files I had filed civil …." (Filing 1 at 4).[1] For relief, Plaintiff requests free room and board throughout the United States or $1 million in damages.

## III. DISCUSSION

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The subject-matter jurisdiction of the federal district courts is generally set forth in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when the parties are of diverse citizenship and the amount in controversy exceeds $75,000.

Plaintiff seeks to invoke the court's "federal question" jurisdiction under section 1331 by alleging this is a civil rights action brought under 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Defendant is a private entity—not a state actor—and is not alleged to have conspired with anyone who was acting under color of state law to deprive Plaintiff of her federally protected rights. Thus, subject-matter jurisdiction does not exist under section 1331.

---

[1] Plaintiff is a frequent filer in federal court, and filing restrictions have been imposed. See Case No. 8:20CV489.

Plaintiff does not allege there is diversity of citizenship between herself and Defendant, which might permit the court to exercise jurisdiction under section 1332. As stated above, there is also a requirement that the amount in controversy is over $75,000. The facts alleged in the Complaint would not support such an award, let alone the $1 million in damages claimed by Plaintiff. "A complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction, but the complaint will be dismissed if it appears to a legal certainty that the claim is really for less than the jurisdictional amount. The legal certainty standard is met where the legal impossibility of recovery is so certain as virtually to negative the plaintiff's good faith in asserting the claim." *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 995 (8th Cir. 2017) (cleaned up).

## IV. CONCLUSION

Plaintiff's Complaint is subject to preservice dismissal under 28 U.S.C. § 1915(e)(2), but the court will give Plaintiff 30 days to file an amended complaint which states a claim over which the court has subject-matter jurisdiction and upon which relief may be granted.

IT IS THEREFORE ORDERED:

1. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. In the event Plaintiff files an amended complaint, failure to consolidate all claims into <u>one document</u> may result in abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, prior pleadings.

3. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the event Plaintiff files an amended complaint.

4. The Clerk of the Court is directed to set a pro se case management deadline using the following text: **May 12, 2022**—amended complaint due.

5. The court must be kept informed of Plaintiff's current address at all times while this case is pending. Plaintiff's failure to keep the court so informed may result in dismissal of the case without further notice.

Dated this 12th day of April, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge