IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TANYA SAUERMILCH PEREZ,<br><br>Plaintiff,<br><br>vs.<br><br>HILTON DOUBLE TREE,<br><br>Defendant. | 4:22CV3050<br><br><br>**MEMORANDUM<br>AND ORDER** |

    This matter is before the court on Plaintiff's motion to appoint counsel (Filing 7). The motion will be denied.

    There is no constitutional or statutory right to appointed counsel in a civil case. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (per curiam). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, 859 Fed. Appx. 3, 4 (8th Cir. 2021) (unpublished) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)); *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). If it is possible to discern without adversarial presentations that all claims are likely to be insubstantial, then the court properly may weigh that reality when deciding whether to devote resources to the litigation by requesting an attorney to undertake representation. *Crozier for A.C. v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 890 (8th Cir. 2020).

    Here, the court has conducted an initial review of Plaintiff's Complaint (Filing 1) and determined it is subject to preservice dismissal. The facts of the case are quite simple: Plaintiff complains that while she was staying at Defendant's hotel property, her file materials regarding some federal civil litigation were stolen from her room.

Styled as a § 1983 action, this case appears frivolous, but the court nonetheless has given Plaintiff leave to amend if she can state a claim over which the court has subject-matter jurisdiction and upon which relief may be granted. Pro se pleadings are given a liberal construction, and the court finds no need to appoint counsel at this stage of the proceeding.

IT IS THEREFORE ORDERED that Plaintiff's motion to appoint counsel (Filing 7) is denied.

Dated this 19th day of April, 2022.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge