IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TANYA SAUERMILCH PEREZ,<br><br>Plaintiff,<br><br>vs.<br><br>HILTON DOUBLE TREE,<br><br>Defendant. | 4:22CV3050<br><br><br>**MEMORANDUM<br>AND ORDER** |

    Plaintiff is a non-prisoner who has been given leave to proceed in forma pauperis. The court conducted an initial review of Plaintiff's pro se Complaint (Filing 1) and, in a Memorandum and Order entered on April 12, 2022 (Filing 6), determined it was subject to preservice dismissal under 28 U.S.C. § 1915(e)(2). On the court's own motion, however, Plaintiff was given 30 days to file an amended complaint which states a claim over which the court has subject-matter jurisdiction and upon which relief may be granted. Plaintiff's Amended Complaint was filed on May 4, 2022 (Filing 9), and will now be reviewed by the court.

I. APPLICABLE STANDARDS ON INITIAL REVIEW

    The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

    Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.*, at 849 (internal quotation marks and citations omitted).

## II. SUMMARY OF COMPLAINT

This action apparently is a refiling of Case No. 8:20CV477, which Plaintiff voluntarily dismissed in November 2020, prior to the court conducting an initial review of her pleadings. Defendant is the Hilton Double Tree hotel in Omaha. Plaintiff complains that on the evening of November 4, 2020, "federal files" related to court filings she made in October 2020[1] were taken from a backpack she left in her hotel room while she went out for a drink.

## III. DISCUSSION

In her original Complaint, Plaintiff sought to invoke the court's "federal question" jurisdiction under section 28 U.S.C. § 1331 by bringing suit under 42 U.S.C. § 1983. As the court explained in its previous Memorandum and Order, this was improper because Defendant is a private entity—not a state actor—and it was not alleged to have conspired with anyone who was acting under color of state law to deprive Plaintiff of a federally protected right. The court also explained that the factual allegations of the Complaint failed to establish the existence of "diversity of citizenship" jurisdiction under 28 U.S.C. § 1332.

Plaintiff indicates her Amended Complaint asserts a *Bivens* claim (see Filing 9 at 3), but this assertion is equally baseless. "A *Bivens* claim is a cause of action brought directly under the United States Constitution against a federal official acting in his or her individual capacity for violations of constitutionally protected rights." *Buford v. Runyon*, 160 F.3d 1199, 1203 n. 6 (8th Cir. 1998); *see Bivens v. Six*

---

[1] Plaintiff is a frequent filer in federal court, and filing restrictions have been imposed. See Case No. 8:20CV489.

*Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). "As a general rule, *Bivens* claims and § 1983 claims are almost identical and involve the same analysis." *Solomon v. Petray*, 795 F.3d 777, 789 n. 7 (8th Cir. 2015). Because Defendant is a private entity, and is not alleged to have conspired with a federal official to violate Plaintiff's constitutional rights, no plausible *Bivens* claim is stated. And, as before, Plaintiff has also failed to allege sufficient facts to permit this action to proceed against Defendant based on "diversity of citizenship" jurisdiction.

Finally, Plaintiff has renewed her motion for appointment of counsel. (Filing 10.) That motion will be denied for the same reasons previously stated by the court in a Memorandum and Order entered on April 19, 2022 (Filing 8), and because this case is being dismissed without further leave to amend.

## IV. CONCLUSION

Plaintiff's Amended Complaint is subject to preservice dismissal under 28 U.S.C. § 1915(e)(2). Because Plaintiff has again failed to show that she has a non-frivolous claim against Defendant which can be tried in federal court, no further leave to amend will be given. *See Silva v. Metro. Life Ins. Co.*, 762 F.3d 711, 719-20 (8th Cir. 2014) (district courts can deny motions to amend when such amendments would be futile, such as claims that are frivolous or could not withstand a 12(b)(6) motion to dismiss).

IT IS THEREFORE ORDERED:

1. Plaintiff's motion for appointment of counsel (Filing 10) is denied.

2. This case is dismissed without prejudice. Judgment shall be entered by separate document.

Dated this 19th day of May, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

3